IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

CEDRIC GLAZE, ADC #132460;                                                          PLAINTIFFS
and MAKIELAH GLAZE

v.                                          NO. 2:11CV00082 JLH

RUBEN IVEY, Patrolman,
Forrest City Police Department                                                       DEFENDANT

**ORDER**

Ruben Ivey's answer to the complaint of Cedric Glaze was due on October 25, 2011, but it was not filed under October 27, 2011. Glaze has filed a motion for default judgment. Ivey has moved to extend the time to answer up to and including October 27, 2011, so that his answer filed on that date would be deemed timely.

Rule 6(b)(1)(B) provides that when the time for accomplishing an act has expired, the Court may extend the time for good cause shown if the party failed to act because of excusable neglect. In a case in which an answer was filed two days late, the Seventh Circuit found excusable neglect, stating:

> [A] district court has the discretion to permit the defendants to file their answer late "when the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). A finding of excusable neglect "is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer," *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 391, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), but extends to some cases in which the delay is "caused by inadvertence, mistake, or carelessness." *Id*. at 388, 113 S. Ct. 1489.

*Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008). In that case, the Seventh Circuit held:

> The Supreme Court has concluded that the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395, 113 S. Ct. 1489. The factors to consider include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith. *Id*. Here there is no reason to believe that [the plaintiff] was at

>all prejudiced by the defendants' answer being filed two days late. The length of the delay and the potential impact on judicial proceedings was minimal, and there is no reason to believe that the defendants acted in bad faith. Because the tardy filing was a result of excusable neglect, we conclude that the district court did not abuse its discretion when it denied [the plaintiff's] motion to strike the defendants' answer.

*Id. See also Mannke v. Benjamin Moore & Co.*, 375 F.2d 281, 285 (3d Cir. 1967) (although the defendant's answer was filed two days late, setting aside a default judgment was not an abuse of discretion where no harm had come to the plaintiff by reason of the delay); *Koerner v. Garden Dist. Ass'n*, 2002 WL 500817, *7 (E.D. La. Mar. 28, 2002) (it was not in the interest of justice to enter a default judgment when an answer was filed two days late).

Here, as in the cases cited, the length of the delay was minimal—only two days. There has been and will be no impact on the judicial proceedings, and the plaintiffs are not prejudiced by the filing of the answer two days late. The Court concludes, based on the information provided by Ivey's lawyer, that she had the answer prepared and expected her staff to file it on October 25, 2011, but was misinformed as to whether it was actually being filed on that date. Under the circumstances, the Court does not believe that it would be in the interest of justice to enter a default judgment.

The motion for default judgment is therefore DENIED. Document #33. The motion for extension of time to file an answer is GRANTED. Document #36.

IT IS SO ORDERED this 15th day of November, 2011.

 /s/ J. Leon Holmes
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE