**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CEDRIC GLAZE, *et al*.                                                                                        PLAINTIFFS

v.                                         NO. 2:11CV00082 JLH

RUBEN IVEY, Patrolman,
Forrest City Police Department                                                                              DEFENDANT

## OPINION AND ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge H. David Young on July 5, 2012, and the objections subsequently filed by plaintiff Cedric Glaze. Judge Young recommended that the Court grant summary judgment on all of Glaze's claims against Forrest City Police Officer Ruben Ivey. Upon *de novo* review, the Court accepts these recommendations but writes the following Opinion and Order to explain why the objections raised by Glaze are overruled.

The Proposed Findings and Recommendations, and Glaze's subsequent objections, revolve around two encounters between Glaze and Ivey. The first encounter, which occurred on the morning of June 18, 2009, began when Ivey was informed by an apartment manager at the Rice and Mann Apartments in Forrest City that Glaze was present despite previously having been barred. Ivey then confronted Glaze as Glaze walked through the apartment complex with his three-year-old daughter, Makielah, and asked him why he was there. After first ignoring Ivey and attempting to walk away from him, Glaze finally told Ivey that he was dropping off one child and on his way to take Makielah home. Ivey then grabbed Glaze, handcuffed him, and began walking him and Makielah back to the apartment they had just exited. Because Glaze was uncooperative, Ivey pushed him forward by his handcuffs with one hand while pulling Makielah by her shirt collar with his other hand. As they

approached the apartment, Glaze's brother Chariell appeared and verbally confronted Ivey before re-entering his apartment to write down Ivey's official information. When Chariell returned, he began using strong profanity and acting aggressively. Ivey called for back-up, slammed Glaze to the ground, and pulled out his handcuffs in order to arrest Chariell. Rather than submit to arrest, Chariell fled. Ivey attempted to give chase while pulling Glaze along but was unsuccessful. Glaze sustained minor scraping injuries from being thrown to the concrete. He was eventually charged with and convicted of disorderly conduct, resisting arrest, criminal trespass, and obstructing governmental operations.

The second encounter between Glaze and Ivey occurred on February 26, 2011, when Ivey approached a vehicle parked in front of a house near Forrest City High School. In his police report, Ivey stated that he smelled marijuana as he passed the vehicle, which was occupied by Glaze and another male. Document #37-1, at 4, 7.[1] Glaze testified in his deposition that there were "no identifiable factors that [marijuana] was being smoked in this car." Document #79-1, at 28. Nevertheless, Glaze admits that, when Ivey approached the vehicle in which he was sitting, Ivey asked where the marijuana was. *Id*.; Document #79, at 10. Ivey then removed Glaze from the passenger seat of the car, patted him down, and, according to Glaze, "looked down and he seen the bud. It was some marijuana in the door of the car." Document #79-1, at 29. Ivey then told Glaze that he was under arrest and detained him in his police car as another officer arrived. In a subsequent

---

[1] Glaze argues that Ivey's police report must be excluded for summary judgment purposes because it is inadmissible hearsay. Police reports are generally considered admissible, however, "to the extent to which they incorporate firsthand observations of the officer." *See United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006) (quoting 1972 Advisory Comm.'s Note to Fed. R. Evid. 803). It is undisputed that the police report in question contains Ivey's firsthand observation concerning the smell of marijuana.

search of the vehicle and surrounding area, Ivey and other officers eventually located a handgun near where Glaze had been sitting, found marijuana stuffed in the ash tray, and retrieved two bags of marijuana from the ground near the passenger side of the vehicle. In all, the officers recovered seven bags of marijuana. The officers also learned that a warrant had been issued for Glaze's arrest for failure to pay child support.

On April 25, 2011, Glaze filed his initial, *pro se* complaint, alleging civil rights violations under 42 U.S.C. § 1983 against a number of defendants involved in the June 2009 encounter and subsequent legal proceedings. Glaze later amended his complaint in order to add more defendants and claims, including a claim that Ivey's arrest of him in February 2011 was an unlawful arrest in retaliation for previous complaints made by Glaze against Ivey. On September 16, 2011, the Court dismissed all defendants except Ivey from the action, and it dismissed all claims except those pertaining specifically to the June 2009 and February 2011 confrontations. Glaze, still *pro se*, moved for summary judgment on December 29, 2011. He also moved the Court to appoint counsel for him. The Court granted this motion. On May 24, 2012, Ivey filed his response to the summary judgment motion, combined with his own summary judgment motion. On July 5, 2012, Judge Young submitted his Proposed Findings and Recommendations to the Court.

Glaze makes two main objections to the Proposed Findings and Recommendations. First, he argues that Judge Young's recommendation that the excessive force claim be dismissed on the basis of qualified immunity is incorrect because Ivey's actions in June 2009 actually created the charged and potentially dangerous atmosphere that supposedly justified his use of force. Second, he argues based on *Lambert v. City of Dumas*, 187 F.3d 931 (8th Cir. 1999), that Ivey did not have probable cause for his 2011 arrest because Ivey did not actually smell marijuana.

3

Glaze's first argument is insufficient, as he does not object, nor does he have any basis on which to object, to Judge Young's proposed finding in Footnote 2 that Ivey is entitled to qualified immunity on Glaze's excessive force claim because Glaze suffered only *de minimis* injuries from the June 2009 confrontation. Qualified immunity shields a police officer from liability under 42 U.S.C. § 1983 unless his "conduct violates a clearly established constitutional . . . right of which a reasonable person would have known." *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009). It was not until June 6, 2011—nearly two years after the encounter in question—that it was clearly established in the Eighth Circuit that a plaintiff with only *de minimis* injuries could recover on an excessive force claim under section 1983. *See Chambers v. Pennycook*, 641 F.3d 898, 908-09 (8th Cir. 2011). The Eighth Circuit considers "relatively minor scrapes and bruises" to be *de minimis* injuries, *id*. at 906, and Glaze has admitted to suffering only "little scrapes" from the incident. Document #79-1, at 18; *see also* Document #79, at 8-9 (listing only "scrapes from being on the concrete" when discussing injuries; failing to deny defendant's statement that these were the only injuries he suffered). Thus, Ivey is entitled to qualified immunity on this basis. *Chambers*, 641 F.3d at 908 ("Given the state of the law in August 2005, a reasonable officer could have believed that as long as he did not cause more than *de minimis* injury to an arrestee, his actions would not run afoul of the Fourth Amendment.").

For Glaze's second objection, he argues, citing *Lambert*, that Ivey did not have probable cause to arrest him. *Lambert* states that a probable cause determination is based on the evidence known to a police officer at the time of arrest, not on information subsequently obtained. 187 F.3d at 935 n.6. Probable cause has been defined by the Supreme Court as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable

caution, in believing, in the circumstances shown, that the suspect has committed [or] is committing . . . an offense.'" *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S. Ct. 2627, 2632, 61 L. Ed. 2d 343 (1979); *see also United States v. Garcia*, 785 F.2d 214, 224 (8th Cir. 1986). The facts demonstrating probable cause "must be particularized to the arrestee." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009). Here, the undisputed facts establish that Ivey had probable cause to believe that Glaze was in possession of marijuana. As noted, Ivey stated in his police report hat he approached Glaze's vehicle because he smelled marijuana. While Glaze denies that there was an odor of marijuana, he admits that Ivey asked where the marijuana was when he approached. This confirms that Ivey did indeed smell marijuana, and Glaze has offered no other explanation as to how Ivey came to ask that question. Additionally, according to Glaze, Ivey pulled him from the car, patted him down, and saw the marijuana in plain sight. Ivey then placed him under arrest. Based on Glaze's own testimony, Ivey had probable cause to arrest him. While the marijuana was not found directly on Glaze's person, the smell of marijuana and the presence of marijuana in the car door were sufficient to warrant a prudent person in believing that Glaze had committed or was committing an offense involving an illegal drug. *See Maryland v. Pringle*, 540 U.S. 366, 371-72, 124 S. Ct. 795, 800-01, 157 L. Ed. 2d 769 (2003) (probable cause existed to arrest three occupants of a car after drugs were found beneath the vehicle's backseat armrest); *United States v. Chauncey*, 420 F.3d 864, 870-71 (8th Cir. 2005) (probable cause existed to arrest driver when marijuana was discovered on passenger because evidence, including the smell of marijuana, indicated that "drug-related activity in the van was open and notorious"); *United States v. Reed*, 733 F.2d 492, 506 (8th Cir. 1984) ("[W]hen Officer Jones saw and smelled the marijuana, he certainly had probable cause to arrest Reed and to search the truck and seize the marijuana.").

A claim of unlawful arrest fails if the police officer had probable cause to make the arrest. *See Anderson v. Larson*, 327 F.3d 762, 770 (8th Cir. 2003). Because Ivey had probable cause to arrest Glaze, Glaze's claim that Ivey arrested him unlawfully and in retaliation for Glaze's making complaints against him must be dismissed.

## CONCLUSION

To the extent that they do not conflict with the Court's opinion, the Court adopts the Proposed Findings and Recommendations. Ivey's motion for summary judgment is GRANTED. Document #68. Glaze's motion for summary judgment is DENIED. Document #48. Glaze's claims are DISMISSED with prejudice.

IT IS SO ORDERED this 14th day of August, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE